GRABER, Circuit Judge,
dissenting:
I respectfully dissent. Substantial evidence supported the immigration judge’s (“IJ”) adverse credibility finding. At a minimum, three points on which the IJ relied support that finding.
First, there were discrepancies between Petitioner’s testimony and that of her son. Petitioner’s son testified that he was “close” to Petitioner and that they “sharefd] details about [their] lives.” Petitioner’s son testified that he did not learn of Petitioner’s asserted membership in BIRLIK until 1999, despite Petitioner’s claim to have joined BIRLIK in 1997. In addition, Petitioner testified that she was arrested once in Uzbekistan because of her research and arrested a second time in Moscow because of her speech at a political rally there. Petitioner’s son testified that Petitioner “told [him] ... what happened” regarding her arrest in Uzbekistan with the exception of “dates.” But Petitioner’s son then testified that Petitioner had been arrested only once, in Uzbekistan, probably because of her speech in Moscow. The IJ’s questions were not confusing and do not account for these discrepancies.
Second, the IJ’s statement that Petitioner showed “virtually no emotion when testifying about” her husband’s alleged imprisonment for his BIRLIK activities constituted a specific and cogent reference to an aspect of Petitioner’s demeanor. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003). Petitioner’s explanation for her lack of emotion' — that she was not emotionally committed to her husband — was inconsistent with the claim on her asylum application that Petitioner “lived in constant fear for the life and safety of [her] husband” after his arrest.
Third, the IJ relied on Petitioner’s failure to provide a copy of the research results, as well as other documents, to corroborate her story. Because the IJ had valid reasons to doubt Petitioner’s credibility, the IJ could properly consider Petitioner’s failure to produce corroborating evidence. Unuakhaulu v. Gonzales, 416 F.3d 931, 938 (9th Cir.2005). Petitioner testified that she had been told that the research results were published in England. Thus, the evidence does not compel a reasonable trier of fact to conclude that the research results were unavailable. 8 U.S.C. § 1252(b)(4); see also REAL ID Act of 2005, Pub.L. No. 109-13, div. B, § 101(h)(3), 119 Stat. 231, 305-06 (providing that the standard of review for availability of corroborating evidence applies to final removal orders regardless of the date on which they were issued).
*749 The inconsistencies identified by the IJ go to the heart of Petitioner’s claim that she had been persecuted or had a well-founded fear of future persecution in Uzbekistan for her association with BIRLIK. See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, I would deny the petition.